IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| TYANIA JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:13-cv-2859-STA-dkv |
| KROGER LIMITED PARTNERSHIP I, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Kroger Limited Partnership I's Motion for Summary Judgment (D.E. # 27) filed on September 16, 2014. Plaintiff Tyania Jackson filed a response in opposition to Defendant's Motion on October 10, 2014. For the reasons set forth below, Defendant's Motion for Summary Judgment is **DENIED**.

**BACKGROUND**

The following facts are not in dispute for purposes of this Motion unless otherwise noted. On November 20, 2012, Plaintiff Tyania Jackson and her mother, Patricia Monger ("Ms. Monger"), were customers at Defendant's grocery store, located at 2632 Frayser Boulevard, Memphis, Tennessee 38127. (Def.'s Statement of Undisputed Facts ¶ 1; Pl.'s Statement of Add'l Facts ¶ 1-2.) While shopping in the juice aisle of the store, Plaintiff slipped and fell on a clear liquid. (Pl.'s Statement of Add'l Facts ¶ 5.) The parties dispute whether Defendant had notice of the clear liquid's presence on the floor. Plaintiff asserts that, upon witnessing her fall, a security guard at Defendant's

1

store, who was an off-duty police officer, came to the scene of the incident and helped Plaintiff from the floor. (*Id.* at ¶ 6.)[1] The security guard then told Ms. Monger that, prior to Plaintiff's fall, he told another employee of Defendant to clean up the clear liquid on which Plaintiff fell. (*Id.* at ¶ 7.) Defendant asserts that Plaintiff has no knowledge regarding how the liquid appeared on the floor, the length of time the liquid was present on the floor, or Defendant's knowledge of the liquid's presence on the floor. (Def.'s Statement of Undisputed Facts ¶ 4-5, 7.)

In its Motion for Summary Judgment, Defendant argues that Plaintiff cannot establish all of the elements of her premises liability claim. Defendant contends that Plaintiff cannot prove that Defendant had actual notice or constructive notice of the existence of a dangerous condition on the premises before Plaintiff's fall. Specifically, Defendant states that there is no evidence of Defendant's knowledge of the existence of a clear liquid on the floor of the juice aisle on November 20, 2012. Plaintiff testified in her deposition that she has no knowledge regarding whether Defendant had knowledge of the liquid's presence on the floor. For this reason, Plaintiff has failed to adduce evidence of Defendant's knowledge of a dangerous condition on the premises.

In her response in opposition, Plaintiff argues that questions of fact remain that should preclude summary judgment in this case. Plaintiff cites the affidavit of Ms.

---

[1] According to Plaintiff's Statement of Additional Facts, the security guard is a police officer who provides security at Defendant's grocery store when he is off duty. Pl.'s Statement of Add'l Facts ¶ 6. The identity of this individual and the employment relationship between this individual and Defendant remain unknown. *Id.* at ¶ 8. However, Defendant acknowledged in its deposition that the individual was present at the scene of the incident and assisted Plaintiff after her fall. *Id.* Defendant failed to respond to Plaintiff's Statement of Additional Facts or to file a reply brief. Thus, for the purpose of this motion, viewing the facts in the light most favorable to Plaintiff, the Court presumes that the individual is an employee or agent of Defendant.

Monger, asserting that Defendant had actual notice of the liquid's presence on the floor because its security guard, an off-duty police officer who helped Plaintiff from the floor after her fall, told Ms. Monger that he notified another employee of Defendant of the liquid's presence on the floor and told that employee to clean up the liquid. Plaintiff also argues that Defendant had constructive notice of the liquid's presence because numerous slip and falls have occurred in Defendant's store. According to Plaintiff, nineteen slip and falls have occurred in Defendant's store in the past two and a half years—two of which occurred in the juice aisle. This number of incidents is enough to establish a recurring incident and proves constructive notice. For these reasons, Plaintiff argues that she has produced sufficient evidence to create issues of fact about this element of her premises liability claim.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings, but rather, must present some "specific facts showing that there is a genuine issue for trial."[4] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material

---

[2] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

facts."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9] Finally, the "judge may not make credibility determinations or weigh the evidence."[10]

## ANALYSIS

Under Tennessee law, Plaintiff must prove the following elements in order to make out a *prima facie* case of negligence: (1) Defendant owed her a duty of care; (2) Defendant's conduct fell below the applicable standard of care; (3) Plaintiff suffered an injury; (4) Defendant's conduct was the cause-in-fact of Plaintiff's injury; and (5)

---

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id*. at 251-52.

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

Defendant's conduct was the proximate or legal cause of Plaintiff's injury.[11]  In the premises liability context, a premises owner has the duty "to exercise reasonable care to its business invitees to make the premises safe."[12]  In addition to a premises owner's general duty of care, a plaintiff must make the showing that the premises owner had notice of a dangerous or defective condition on the premises.[13]  A plaintiff can accomplish this by showing either that "(1) the condition was caused or created by the owner, operator, or his agent; or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident."[14]  Premises owners are not, however, "the insurers of their patrons' safety."[15]

The Court holds that a triable issue exists in this case concerning Defendant's actual notice of a dangerous condition.  Plaintiff has adduced evidence that the presence of a clear liquid on the floor created a dangerous condition on Defendant's business premises. Plaintiff has further shown that Defendant had notice of this dangerous condition because its security guard told another employee to clean up the liquid prior to Plaintiff's fall.[16]  In other words, Plaintiff's theory of liability is that Defendant had actual

---

[11] *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998).

[12] *Kenning v. HCA Health Servs. of Tenn., Inc.*, 1999 WL 1206697, *4 (Tenn. Ct. App. 1999) (citing *Eaton v. McLain,* 891 S.W.2d 587, 593 (Tenn. 1994)).

[13] *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

[14] *Id*.

[15] *Id.*

[16] Pl.'s Statement of Add'l Facts ¶ 7 (citing Affidavit of Patricia Monger ¶ 6).  Defendant did not reply to dispute this fact so it is deemed undisputed.

notice of a dangerous condition created by someone other than Defendant. Defendant argues that Plaintiff lacks any proof in support of this theory because Plaintiff testified in her deposition that she had no knowledge regarding whether or not Defendant had knowledge of the presence of the liquid on the floor. The Court disagrees. Viewing the evidence in the light most favorable to Plaintiff, Defendant had actual notice of the clear liquid's presence on the floor of the juice aisle. Ms. Monger testified in her deposition that the security guard told her that he had instructed another employee of Defendant to clean up the liquid that caused Plaintiff's fall. Because Defendant's employees had notice of the liquid's presence on the floor, a jury could find that Defendant had actual notice of the dangerous condition.

It is true that Plaintiff must support her claim with relevant, admissible evidence. Ms. Monger's testimony regarding the security guard's statements is arguably inadmissible hearsay. Federal Rule of Evidence 801(c) defines hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing, and a party offers in evidence to prove the truth of the matter asserted in the statement."[17] As a general rule, hearsay is not admissible.[18] Defendant did not file a reply to raise this issue and, perhaps more importantly, did not respond to Plaintiff's evidence that the security guard was an employee or agent of Defendant. Accepting as true the evidence that the security guard was an employee or agent of Defendant, his statements are excluded from

---

[17] Fed. R. Evid. 801(c).

[18] Fed. R. Evid. 802.

the hearsay rule. Rule 801(d)(2) of the Federal Rules of Evidence allows admission of statements of a party opponent.[19] An opposing party's statement is not hearsay if

> [t]he statement if offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance on the conspiracy.[20]

For the purpose of summary judgment, however, the Court holds that questions of fact remain on this issue. Therefore, Defendant's Motion for Summary Judgment must be denied.

Plaintiff also alleges that Defendant is liable pursuant to a constructive notice theory. In Tennessee, "plaintiffs may prove that a premises owner had constructive notice of the presence of a dangerous condition by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence."[21] Plaintiff specifically alleges that Defendant had constructive notice of the presence of the clear liquid on the floor by virtue of the fact that nineteen slip and falls have occurred on Defendant's premises in the past two and a half years, including two slip and falls in the juice aisle. Plaintiff argues that this is enough to constitute a recurring incident, thus proving that Defendant had constructive notice. Having held that the evidence shows that Defendant had actual notice of the clear liquid's presence on the floor of the juice aisle, however, the Court need not reach the issue of

---

[19] Fed. R. Evid. 801(d)(2).

[20] *Id.*

[21] *Blair*, 130 S.W.3d at 765-66.

constructive notice to decide Defendant's motion.  Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

## **CONCLUSION**

Having held that an issue of fact remains about whether Defendant had notice of a dangerous condition on the premises, Defendant is not entitled to judgment as a matter of law.  Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

                                                       **s/ S. Thomas Anderson**
                                                       S. THOMAS ANDERSON
                                                       UNITED STATES DISTRICT JUDGE

                                                       Date: December 18, 2014.